Brian C Johnson, #3936
Joseph Shapiro, #13584
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

Jessica L. Grant (Admitted *Pro Hac Vice*)
Brian Featherstun (Admitted *Pro Hac Vice*)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:  (415) 653-3750
Facsimile:  (415) 653-3755

Tamany V. Bentz (Admitted *Pro Hac Vice*)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

*Attorneys for Defendants*
*Univision Salt Lake City, LLC et al.*

# IN THE UNITED STATES DISTRICT COURT,

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ITN FLIX, LLC, a Utah limited liability company<br><br>        Plaintiff,<br><br>v.<br><br>UNIVISION TELEVISION GROUP, INC., A Delaware Corporation; UNIVISION HOLDINGS, INC., a New York Corporation; UNIVISION SALT LAKE CITY, LLC; UNIVISION COMMUNICATIONS, INC., a Delaware Corporation; and EL REY NETWORK, LLC,<br><br>        Defendants. | **DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Case No.: 2:15-cv-00736-DN-DBP<br><br>Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

## TABLE OF CONTENTS

**Page**

**INTRODUCTION** ...................................................................................................... 1

**FACTUAL AND PROCEDURAL BACKGROUND** ............................................. 2

I.      ITN Repeatedly Alleges That Univision Publicly Broadcast *Machete* ............................ 2

II.     ITN's Discovery Responses Demonstrate That It Has No Factual Basis To Support Its Allegation That Univision Broadcast *Machete* .................................................. 3

**LEGAL STANDARD** ................................................................................................ 6

**ARGUMENT** ............................................................................................................. 8

I.      ITN AND ITS COUNSEL ADMIT THEY HAVE NO EVIDENCE TO SUPPORT THEIR CLAIM THAT UNIVISION BROADCAST THE *MACHETE* MOVIE ............ 8

II.     ITN AND ITS COUNSEL FAILED TO CONDUCT THE REQUIRED REASONABLE INQUIRY BEFORE FILING SUIT .............................................................. 11

      A.     ITN and Its Counsel Had More Than Sufficient Time to Investigate Before Filing Suit ................................................................................................. 12

      B.     Investigating Whether Univision Broadcast *Machete* Requires Only A Straightforward Analysis of Publicly Available Information .......................... 13

      C.     ITN's Assertion That It Requires Discovery from Univision to Identify Whether Univision Publicly Broadcast *Machete* Lacks Merit .......................... 14

      D.     ITN's Recent Supplemental Discovery Responses Further Illustrate Why Sanctions Are Warranted ........................................................................ 16

**CONCLUSION** ......................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adamson v. Bowen*,
    855 F. 2d 668 (10th Cir. 1988) ................................................................. 9

*Burkhard v. Kinsley Bank*,
    804 F.2d 588 (10th Cir. 1986) ................................................................. 8

*Bus. Guides, Inc. v. Chromatic Commc.'s Enter.'s, Inc.*,
    498 U.S. 533, 534 (1991) ........................................................................ 8

*In re Cascade Energy & Metals Corp.*,
    87 F. 3d 1146 (10th Cir. 1996) ............................................................... 11

*Co. v. Kaczmarek*,
    121 F.R.D. 414 (D. Kan. 1988) ......................................................... 11, 15

*Collins v. Walden*,
    834 F. 2d 961 (11th Cir. 1987) ............................................................... 11

*Cook v. Rockwell Int'l Corp.*,
    147 F.R.D. 237 (D. Colo. 1993) ........................................................... 8, 9

*Cooter & Gell v. Hartmarx, Corp.*,
    496 U.S. 394 (1990) ................................................................................ 6

*Daniels v. Sodexo, Inc.*,
    513 Fed. Appx. 868 (11th Cir. 2013) ..................................................... 10

*Eastway Const. Corp. v. City of New York*,
    762 F.2d 243 (2d Cir. 1985) .................................................................... 9

*Eon-Net LP v. Flagstar Bancorp.*,
    653 F.3d 1314 (Fed. Cir. 2011) .............................................................. 10

*Foster v. Michelin Tire Corp.*,
    108 F.R.D. 412 (C.D. Ill 1985) ......................................................... 10, 11

*Foster v. Michelin Tire Corp.*,
    108 F.R.D. 412 (C.D. Ill 1985) ................................................................................ 10, 11

*Frantz v. United States Powerlifting Fed.*,
    835 F.2d 1063, 1068 (7th Cir. 1987) ............................................................................ 8

*Garth O. Green Enter.'s v. Harward*,
    Case No. 2:15-cv-00556-DN, 2017 WL 213787, *7 (D. Utah Jan. 18, 2017) .............. *passim*

*In re Ginther*,
    791 F.2d 1151, 1155 (5th Cir. 1986) ........................................................................... 2

*ITN Flix, LLC et al. v. Gloria Hinojosa et al.*,
    Case No. 2:14-cv-08797-ODX-RZ (C.D. Cal.) .......................................................... 2

*ITN Flix v. Rodriguez et al.*,
    Case No. 1:13-cv-00022-RJS (D. Utah) ..................................................................... 2

*McNeal v. Zorbist*,
    Case No. 04-2149, 2006 WL 2692816 (D. Kan. Sept. 18, 2006) .................................. 7, 9, 17

*Merritt v. Inter. Ass'n of Machinists and Aerospace Workers*,
    613 F.3d 609 (6th Cir. 2010) .................................................................................. 10

*Mountain Crane Services LLC v. Wenneshiemer*,
    Case No. 2:15-cv-00408-DN-EJF, 2016 WL 5415665 (D. Utah Sept. 28,
    2016) ..................................................................................................... 7, 8, 15, 17

*Salmon v. Nutra Pharm. Corp.*,
    687 Fed. Appx. 713 (10th Cir. 2017) .......................................................................... 7

*Thomas v. Capital Sec. Services, Inc.*,
    836 F.2d 866, 875 (5th Cir. 1988) ............................................................................. 8

*U.S. Sprint Commc.'s, Co. v. Kaczmarek*,
    121 F.R.D. 414, 416-17 (D. Kan. 1988) .................................................................. 11

*Weil v. Markowitz*,
    108 F.R.D. 113 (D.D.C. 1985) ............................................................................... 15

*White v. General Motors Corp., Inc.*,
    908 F.2d 675 (10th Cir. 1990) ......................................................................... 13, 14, 15

*Worrell v. Houston Can! Academy*,
   287 Fed. App'x 320 (5th Cir. 2008) ...................................................................................7, 9

## Other Authorities

Fed. R. Civ. P. 11 ...............................................................................................*passim*

Fed. R. Civ. P. 12 ....................................................................................................... 3

Fed. R. Civ. P. 26 ....................................................................................................... 3

## MOTION FOR RULE 11 SANCTIONS

Defendants Univision Television Group, Inc., Univision Salt Lake City, LLC, Univision Communications Inc., and Univision Holdings, Inc. (collectively, "Univision") respectfully move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against Plaintiff ITN FLIX, LLC ("ITN"), attorney David W. Brown of the Law Offices of David W. Brown who signed ITN's Initial and First Amended Complaints, and attorney Terry E. Welch of Parr Brown Gee & Loveless who signed ITN's Second Amended Complaint.[1]

Sanctions are warranted here because each of the three Complaints filed by ITN over the past two years are based on allegations against Univision that have no evidentiary support. Specifically, Plaintiff ITN alleges that Univision infringed its copyright by publicly broadcasting the movie, *Machete*.  However, Univision has never broadcast *Machete*, a fact that ITN and its counsel either knew or should have known if they had conducted the pre-suit investigation required by Rule 11.

Moreover, prior to serving the instant motion, Univision repeatedly advised ITN and its counsel - in meet and confer letters and in its interrogatory responses - that it never broadcast *Machete*. And, despite notice under the "safe harbor" provision of Rule 11, ITN and its counsel have still refused to withdraw the operative Second Amended Complaint as to Univision.

ITN's baseless Complaint is precisely the type of pleading Rule 11 was designed to deter. The Court should remedy this abuse of the legal system and deter future abuses by imposing the

---

[1] Unless otherwise indicated, Mr. Brown and Mr. Welch are collectively referred to as "ITN's counsel."

following sanctions: (1) dismissal with prejudice of the claims against Univision; (2) award

Univision its attorneys' fees and costs to date and (3) any other relief the Court deems just.

## **INTRODUCTION**

This is not a complicated case.  ITN, through its counsel, alleges that Univision infringed its copyright by broadcasting the movie *Machete* to the public, which ITN claims is a substantially similar infringing work to its movie *Vengeance*.  ***But in fact***, ***Univision did not publicly broadcast Machete at any point in time – something ITN either knew or could have readily discovered through a reasonable pre-suit investigation***.  ITN has nevertheless pursued this baseless claim against Univision for over two years, forcing Univision to defend itself against three separate Complaints, all founded on the same unsupported allegation that Univision publicly broadcast *Machete*.  Critically, ITN has never had any factual basis for that allegation.  In fact, when ITN finally served its first set of discovery responses in September 2017, ITN *admitted* that it could not identify *a single fact* to support its claim that Univision broadcast *Machete*.  This of course begs the question—what was the basis for making this allegation in the *three separate Complaints ITN filed in this case*?

Whether to impose sanctions in this case should not be a close call.  ITN has repeatedly alleged that Univision publicly broadcast *Machete*.  Under Rule 11, ITN and its counsel were required to conduct an objectively reasonable investigation to determine whether there was any evidentiary support for that allegation before they filed suit and before they filed each amended Complaint.  ITN and its counsel did not need discovery from Univision to conduct such an investigation because the allegation was that Univision *publicly* broadcast the movie; the information needed to make this determination was obviously publicly available.  Finally, ITN's discovery responses confirm that ITN had no factual basis to make the allegation.  Simply put,

ITN and its counsel either knowingly pursued baseless claims against Univision, or repeatedly filed Complaints without conducting the requisite pre-filing investigation.   Either scenario warrants the imposition of Rule 11 sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   ITN Repeatedly Alleges That Univision Publicly Broadcast *Machete*

ITN filed a Complaint on October 13, 2015 alleging that three separate Univision entities engaged in copyright infringement by broadcasting *Machete* to the public.  *See* Dkt. 2 at ¶ 36 ("Defendants have shown these movies [*Machete*] publicly on their respective networks, all to the detriment of Plaintiffs, thereby infringing on Plaintiff's copyrights."). [2]

The Complaint makes clear that the only basis for the copyright infringement claim is Univision's purported broadcast of *Machete* to the public.  The Complaint was signed by David W. Brown of the Law Offices of David Brown.  *Id.* at 13.

On February 16, 2016, ITN filed an Amended Complaint that once again repeated the allegation that Univision had infringed its copyright by publicly broadcasting *Machete*.  *See, e.g.*, Dkt. 12 at ¶¶ 37-38.  Univision moved to dismiss the First Amended Complaint on March 17, 2016.  Dkt. 20.  In its Opposition brief, ITN admitted that its "current claims [for copyright infringement] rest on Defendants' broadcast of *Machete*…."  *See* Dkt. 32 at 16, n.6.  On November 2, 2016, the Court granted Univision's motion to dismiss, without prejudice.  Dkt. 45.

---

[2] ITN has been pursuing litigation relating the movie *Machete* since 2013, filing complaints against two other entities in California.  *See ITN Flix v. Rodriguez et al.*, Case No. 1:13-cv-00022-RJS (D. Utah); *ITN Flix, LLC et al. v. Gloria Hinojosa et al.*, Case No. 2:14-cv-08797-ODX-RZ (C.D. Cal.).  Both of these cases were ultimately dismissed.  *See id.*  This case is now the third in a string of cases brought by ITN regarding *Machete*.

On November 8, 2016, ITN filed its Second Amended Complaint, which was signed by a new attorney, Terry Welch of Parr Brown Gee & Loveless.  Dkt. 46.  In it, ITN asserted to the Court for the fourth time its allegation that Univision infringed its copyright by broadcasting *Machete* to the public.  Dkt. 46 at ¶¶ 35-36.  On December 6, 2016, Univision filed a motion to dismiss.  Dkt. 53.  In opposing Univision's motion to dismiss the Second Amended Complaint, ITN asserted for the *fifth* time that Univision infringed its copyright by broadcasting *Machete*.  *See* Dkt. 62 at 11.  On May 5, 2017, the Court denied Univision's motion to dismiss.  Dkt. 72.

## II.     ITN's Discovery Responses Demonstrate That It Has No Factual Basis To Support Its Allegation That Univision Broadcast *Machete*

On June 6, 2017, the parties participated in a Rule 26(f) conference, which provided Univision with its first opportunity to challenge ITN's factual allegations.[3]  *See* Dkt. 78.  On August 8, 2017, Univision served ITN with interrogatories and requests for production of documents that asked ITN to identify the facts or documents to support its allegation that Univision "broadcast *Machete* to the public."  *See* Exhs. A & B to the Declaration of Jessica Grant ("Grant Decl.").  Specifically, Univision asked:

- **Interrogatory No. 1**:  "[D]escribe the specific role YOU contend that each . . . individual DEFENDANT played in infringing any valid copyright held by PLAINTIFF."

- **Interrogatory No. 2**:  "[D]escribe all facts that support your contention that each individual DEFENDANT actively promoted, displayed, broadcast, and/or distributed *Machete* to the public as alleged in Paragraphs 35, 66, 70, and 76 of YOUR COMPLAINT."

---

[3] Fed. R. Civ. P. 12 required the Court to accept the factual allegations in the Complaint as true, and therefore Univision could not challenge ITN's claim that it publicly broadcast *Machete*. Likewise, under the rules, Univision could not compel ITN to identify the factual basis for its allegations.  *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).")

- **Interrogatory No. 3**: "Identify all allegedly infringing broadcasts of *Machete* YOU rely on to support the allegations in YOUR COMPLAINT, by identifying the date, time, and network on which each allegedly infringing broadcast was made."

- **Interrogatory No. 4**: "To the extent YOU identify any allegedly infringing broadcasts in response to Interrogatory No. 3, describe all bases for YOUR contention that the broadcasts material infringed YOUR copyright."

- **Request for Production No. 34**: Requesting production of "ALL DOCUMENTS RELATING TO YOUR contention that each named Defendant actively promoted, displayed, broadcast and distributed *Machete* to the public as alleged at Paragraph 35, Paragraph 66, Paragraph 70 and Paragraph 76 of YOUR COMPLAINT."

- **Request for Production No. 35**: Requesting production of "ALL DOCUMENTS RELATING TO YOUR contention that each Defendant broadcast *Machete* to the public on its respective television networks, as alleged in Paragraph 36, Paragraph 66, Paragraph 70, and Paragraph 76 of YOUR COMPLAINT.")

*See* Exhs. A & B.

ITN answered these discovery requests on September 6, 2017, but failed to provide *any response whatsoever* to the requests that asked only for the factual bases underlying its allegations that Univision broadcast *Machete* to the public.  Instead, ITN stated that each of these requests "cannot be answered," effectively conceding that it could not identify a single fact or document to support its allegation that Univision broadcast *Machete*.  *See* Exh. C at Response to Interrogatory Nos. 1-4; Exh. D at Response to Request for Production Nos. 34-35.  ITN further claimed that the information it needed to answer these requests was "likely contained in Defendants' documents as requested by Plaintiff."  *Id.*

On September 28, 2017, Univision sent a letter informing ITN that Univision **had never broadcast Machete at any point**.  *See* Exh. E at 1.  Univision also pointed out that this fact, coupled with ITN's own admissions that it "cannot" identify any facts or documents supporting its

allegations, showed that ITN's claim was unsubstantiated, and that ITN and its counsel did not conduct the required pre-filing investigation under Rule 11. *Id.* Moreover, Univision noted that ITN's assertion that it requires discovery *from Univision* before it can identify facts to support *its own* allegations is improper because ITN's entire case against Univision is premised on supposed broadcasts *to the public*, which ITN was required to have investigated and identified before filing suit. At that time, Univision requested that ITN withdraw its baseless allegations, or Univision would pursue a motion for sanctions. *Id.* To date, ITN has not responded to this letter. *See* Grant Decl. at ¶ 6. On October 17, 2017, in its Responses to ITN's First Set of Interrogatories, Univision further confirmed that it never broadcast *Machete* at any time. *See* Exh. F.

On September 29, 2017, Univision again wrote to ITN to request that ITN either supplement its deficient discovery responses, or withdraw its copyright claim against Univision. *See* Exh. G. On October 17, 2017, ITN supplemented its response with an assertion that when *Machete* was released in 2010, Univision interviewed the actors and producer of *Machete* and showed a seconds-long clip of *Machete* on a YouTube channel. *See* Exh. H, Supplemental Response to Interrogatory Nos. 1 and 2. However, nowhere in ITN's response did it identify any YouTube clips, from 2010 or otherwise, that involved Univision *broadcasting the movie, which is the entire basis for ITN's copyright infringement claim*.[4] *See* Dkt. 46 at 1. Furthermore, ITN's response fails to acknowledge that any alleged conduct by Univision that took place in 2010 is time barred by the statute of limitations. *See* Dkt. 72 at 18 (The Court held that "ITN's recovery

---

[4] Significantly, before ITN served its supplemental responses, snippets of the *Machete* movie posted on YouTube in 2010 or interviews with its actors had never been mentioned at any point during this litigation, including in any of the three Complaints ITN filed in this case.

will be limited to acts of infringement that occurred within three years of when the lawsuit was first filed."); Dkt. 32 at ¶ 35 (ITN conceded that "any showing of *Machete* prior to October 12, 2012 is time barred.").

ITN's discovery responses confirm that it does not – and never had – any factual basis for its allegations that Univision infringed its copyright by broadcasting the *Machete* movie.  Yet, instead of dismissing its baseless claim against Univision, ITN has doubled down on its frivolous lawsuit by citing, for the first time, to a (time barred) seconds-long clip of *Machete* and to (time barred) actor interviews—neither of which is even mentioned in its Complaints.  Each of the clips identified in ITN's supplemental responses were posted on YouTube in 2010, and are time barred as a result.  Such conduct further underscores why Rule 11 sanctions are warranted in this case.

## LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure requires that for all pleadings filed with the Court, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  The central purpose of Rule 11 is to deter baseless filings.  *See Cooter & Gell v. Hartmarx, Corp.*, 496 U.S. 394, 397 (1990).  Rule 11 requires all attorneys who sign and file a complaint to ensure that it is not presented for an improper purpose. Fed. R. Civ. P. 11.  Therefore, before filing a complaint or any other document subject to Rule 11, an attorney must conduct a reasonable investigation into the facts alleged in a complaint to determine they have evidentiary support.  *See Garth O. Green Enter.'s v. Harward*, Case No. 2:15-cv-00556-DN, 2017 WL 213787, *7 (D. Utah Jan. 18, 2017) (Nuffer, J.) (citing *Adamson v. Bowen*, 855 F. 2d 668, 673

(10th Cir. 1988)).  An attorney cannot blindly rely on information from a client to avoid sanctions, particularly on critical, straightforward issues.  *Garth O. Green* at *7 (awarding sanctions against counsel where he failed to conduct investigation but "had many months to investigate [plaintiff's] claim.")

"Courts use an objective reasonableness standard to evaluate conduct under Rule 11; specifically, courts will sanction conduct under Rule 11 if after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law."  *Mountain Crane Services LLC v. Wenneshiemer,* Case No. 2:15-cv-00408-DN-EJF, 2016 WL 5415665, *2 (D. Utah Sept. 28, 2016); *see also Salmon v. Nutra Pharm. Corp.*, 687 Fed. Appx. 713 (10th Cir. 2017) (affirming award of sanctions because plaintiff "had no objective basis to believe that [defendant] was responsible in any way for the [challenged conduct] and that no reasonable attorney would have brought a claim against [defendant] based on the information in [plaintiff's] possession.") (internal quotations omitted)).  Sanctions are appropriate if either no pre-filing investigation whatsoever was conducted, or if the investigation was objectively unreasonable.  *See Garth O. Green* at *7 (citing *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (sanctions appropriate "where it is patently clear that a claim has absolutely no chance of success.") (superseded by rule on other grounds)); *Worrell v. Houston Can! Academy*, 287 Fed. App'x 320, 325 (5th Cir. 2008) (affirming award of monetary sanctions for failing to investigate publicly available information that would have shown defendant was not properly included in case); *McNeal v. Zorbist,* Case No. 04-2149, 2006 WL 2692816, *10 (D. Kan. Sept. 18, 2006) (awarding costs and attorneys' fees against plaintiff's counsel who "failed

to conduct a reasonable investigation into the facts and law asserted in the Third Amended Complaint" and who was "made aware of evidence that flatly contradicted material averments in the Third Amended Complaint, [but] did not correct any of her filings with the Court."); *cf. Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 247 (D. Colo. 1993) ("Rule 11 requires not that counsel *plead* facts but that counsel *know* facts after conducting a reasonable investigation.") (emphasis in original) (citing *Frantz v. United States Powerlifting Fed.*, 8v.35 F.2d 1063, 1068 (7th Cir. 1987) (stating same)).

Bad faith is not required to impose sanctions.  *See Burkhard v. Kinsley Bank*, 804 F.2d 588 (10th Cir. 1986).  Both counsel and their clients may be sanctioned for failing to meet this standard. *Mountain Crane Services* at *2 (a client may be sanctioned under Rule 11 if the court makes "explicit findings regarding the client's knowledge of the wrongdoing."); s*ee also Bus. Guides, Inc. v. Chromatic Commc.'s Enter.'s, Inc.*, 498 U.S. 533, 534 (1991) ("The Rule speaks of attorneys and parties in a single breath and unambiguously states that the signer must conduct a reasonable inquiry or face sanctions.").  Once a violation of Rule 11 is found, sanctions are mandatory.  *See* Fed. R. Civ. P. 11; *see also Garth O. Green* at *7 (citing *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 875 (5th Cir. 1988)).

## **ARGUMENT**

## I.    **ITN AND ITS COUNSEL ADMIT THEY HAVE NO EVIDENCE TO SUPPORT THEIR CLAIM THAT UNIVISION BROADCAST THE *MACHETE* MOVIE**

Univision has never broadcast *Machete* at any time.  *See* Exh. F, Univision's Response to Interrogatory Nos. 1-5.  Yet, over the past two years, ITN has explicitly alleged *at least nineteen*

*times* in multiple court filings that Univision publicly broadcast *Machete* (*see* Dkt. 2 at ¶¶ 35-36, 50, 54-56; Dkt. 12 at ¶¶ 37-38, 55, 59-61; Dkt. 46 ¶¶ 35-37, 66, 70-71, 76), and that Univision has done so every year since 2010.  *See* Dkt. 2 at ¶ 50 ("Beginning in 2010 and each year thereafter, Defendants infringed upon said copyright by placing upon the public market the "Machete" movies, which were largely copied from Plaintiff's copyrighted movies.").  ITN's allegation that Univision publicly broadcast *Machete* is and has been ITN's *only* basis for a purported claim of copyright infringement against Univision.  *See* Exhs. A & B; C & D; and Exh. F.  This allegation is demonstrably false.  And, that ITN repeated this allegation for more than two years demonstrates that it failed to make a reasonable inquiry as required under Rule 11.  Indeed, in discovery, ITN now admits that it cannot identify a single broadcast of the *Machete* movie by Univision in the past seven years.  Courts have long recognized that ITN's conduct in filing a claim that "is not based on fact" and which had "no support . . . as it was pled" violates Rule 11 and warrants sanctions.  *Garth O. Green* at *6 (awarding sanctions against plaintiff that filed lawsuit based solely on trademark infringement grounds where plaintiff could not establish ownership to the trademark in question) [5]; *see also Adamson*, 855 F. 2d at 673 (gathering cases, stating same); *Eastway Const. Corp. v. City of New York*, 762 at 254; *Worrell v. Houston Can! Academy*, 287 Fed. App'x at 325; *McNeal v. Zorbist,* 2006 WL 2692816 at *10; *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. at 247.

Indeed, the court should not "countenance situations such as the one presented here in

---

[5] In *Garth O. Green,* this Court awarded sanctions under Utah Rule 11, which is "the state-law counterpart to Federal Rule 11 [and] is identical in all material respects to the federal version." *Garth O. Green* at *5.

which a plaintiff files suit more than two years after the underlying incident, subsequently amends the complaint, and yet [multiple] months into litigation" presents essentially no facts supporting its allegations. *See Foster v. Michelin Tire Corp.*, 108 F.R.D. 412, 416 (C.D. Ill 1985) (awarding sanctions in a wrongful death case where plaintiff, which had years to develop its case and to conduct investigation, responded that the facts supporting its claims that defendant manufactured the tires at issue in the accident were "none" and "none yet."). In *Foster*, the court found that "[w]here, as here, a plaintiff has made no inquiry or ***has made an inquiry that has revealed no information supporting a claim***, the inquiry is *ipso facto*, not reasonable." *Id.* at 415 (gathering cases) (emphasis added) (holding that sanctions were particularly warranted because plaintiff had more than two years to develop its case, both before filing suit and after, and yet was unable to identify any facts at all supporting its key allegations); *Daniels v. Sodexo, Inc.*, 513 Fed. Appx. 868 (11th Cir. 2013) (affirming award of sanctions because counsel's "pre-filing investigation was not reasonable under the circumstances."); *Eon-Net LP v. Flagstar Bancorp.*, 653 F.3d 1314, 1329 (Fed. Cir. 2011) (affirming award of sanctions for failure to adequately investigate allegations before filing suit); *Merritt v. Inter. Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 629 (6th Cir. 2010) (affirming award of sanctions based on "plaintiff's counsel's failure to adequately research the factual basis for the claims asserted in the complaint at the time of filing, and counsel's continued failure to refrain from pursuing meritless claims well over a year into the litigation.").

Similarly, sanctions are warranted here because ITN's discovery responses reveal that after nearly *two years* of litigation, ITN cannot identify a single fact supporting its key contention that Univision broadcast the film *Machete*.

## II.   ITN AND ITS COUNSEL FAILED TO CONDUCT THE REQUIRED REASONABLE INQUIRY BEFORE FILING SUIT

It is further clear that neither ITN nor its counsel undertook to discover – as was required under Rule 11 – if ITN's central allegation that Univision publicly broadcast *Machete* had any basis in fact.  Therefore, monetary sanctions against both ITN and its counsel are appropriate.  *See Foster*, 108 F.R.D. at 415; *Collins v. Walden*, 834 F. 2d 961, 965-66 (11th Cir. 1987); *In re Cascade Energy & Metals Corp.*, 87 F. 3d 1146, 1151-52 (10th Cir. 1996) ("Rule 11 requires counsel to read and consider before litigating.  Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule.").  ITN's answers to Univision's discovery requests reveal that there has been a wholesale failure to conduct a pre-filing investigation, which warrants sanctions.  *See, e.g.*, *U.S. Sprint Commc.'s, Co. v. Kaczmarek,* 121 F.R.D. 414, 416-17 (D. Kan. 1988) (gathering cases imposing sanctions for failure to investigate, including where "signer has made no inquiry whatsoever") (citing *In re Ginther*, 791 F.2d 1151, 1155 (5th Cir. 1986)).

Even assuming that a pre-filing inquiry was conducted, it cannot plausibly be considered "objectively reasonable," as required by Rule 11.  This Court has previously held that in considering Rule 11's pre-filing requirement of "reasonable inquiry into the facts," a court should evaluate (1) the time available to the signer for investigation; (2) the extent of the attorney's reliance upon his client for the factual support of the document; (3) whether the signing attorney accepted the case from another member of the bar or forwarding attorney; (4) the feasibility of a pre-filing investigation; (5) the complexity of the factual issues and (6) the extent to which development of the factual circumstances underlying the claim requires discovery.  *See Garth O.*

*Green* at *7 (citing Fed. R. Civ. P. 11's Advisory Committee Notes). Under this analysis, it is clear sanctions are warranted.

**A.      ITN and Its Counsel Had More Than Sufficient Time to Investigate Before Filing Suit**

ITN and its counsel had ample time to investigate before filing any of the three Complaints in this case. Indeed, ITN and its counsel have already admitted in their public filings that *Machete* has been publicly available and known to ITN since at least as early as 2010. *See, e.g.*, Dkt. 45 at 3. ITN did not file suit against Univision until 2015, giving it over five years to investigate its allegations before filing, and seven years to identify *anything* to support its allegations.

Likewise, the language of each Complaint demonstrates there was no time pressure on either ITN or its counsel requiring a rush to the courthouse (such as a soon-to-expire statute of limitations) because each Complaint claims (falsely) that the allegedly infringing broadcasts are ongoing. *See* Dkt. 2 at ¶ 50 (Initial Complaint); Dkt. 12 at ¶ 55 (FAC); Dkt. 46 at ¶ 66 (SAC).

To the extent that Terry Welch, ITN's second counsel who signed the operative Second Amended Complaint, claims he merely took the case over from another firm and had insufficient time to investigate, that too is strongly belied by the record. When the Court granted Univision's motion to dismiss the Amended Complaint on November 2, 2016, the Court allowed ITN until November 21, 2016 to file its Second Amended Complaint – a period of nearly three weeks. *See* Dkt. 45 at 12 (granting leave to amend). Mr. Welch filed the operative Second Amended Complaint nearly *two weeks early*. *See* Dkt. 46 (filed November 8, 2016). If there was any concern on Mr. Welch's part about having time to conduct an adequate pre-filing investigation, he had at

least two additional weeks to conduct that investigation.[6]

Thus, sanctions are appropriate because ITN and its counsel had no shortage of opportunities to investigate ITN's allegations before filing each of the three Complaints, yet they cannot identify any facts to support their claims. *See Garth O. Green* at *8 (sanctions appropriate in part because "counsel had many months to investigate [the] claim [so] [t]here was ample opportunity for pre-filing investigation.").

### B. Investigating Whether Univision Broadcast *Machete* Requires Only A Straightforward Analysis of Publicly Available Information

ITN alleges that *Machete* was broadcast *to the public* every year since 2010. It is not difficult to determine whether a *public* broadcast took place. By definition, this information is publicly available. *See, e.g.*, *White v. General Motors Corp., Inc.*, 908 F.2d 675, n. 4 (10th Cir. 1990) (affirming sanctions in slander case for failure to investigate readily accessible information about statements in question, noting "this is not, of course, a claim the details of which were uniquely and exclusively in the control of the defendant."). If ITN or its counsel had conducted the required pre-filing investigation, they would have quickly determined that Univision never broadcast *Machete*, and that their allegations did not have any evidentiary support. Instead, ITN and its counsel filed three different Complaints alleging that Univision *repeatedly* broadcast *Machete* and that the broadcasts are ongoing. *See, e.g.*, Dkt. 46 at ¶ 66 (alleging ongoing broadcasts yearly since 2010). ITN's and its counsels' failure to conduct the required pre-filing

---

[6] This assumes that Mr. Welch conducted no inquiry whatsoever until the Court granted leave to amend. This appears unlikely, given that Mr. Welch appeared in the case nearly a month earlier, on October 13, 2016, before the Court had ruled on Univision's motion to dismiss the First Amended Complaint. *See* Dkt. 43.

investigation justifies sanctions.  *See Garth O. Green* at * 8.

To the extent ITN's counsel argue they relied on information from their client regarding Univision's supposed broadcast of *Machete*, that argument is misplaced. The law provides that an attorney cannot avoid sanctions by blindly relying on a client, particularly when the matter at issue is not complex.  *See, e.g.*, *id.*  (awarding sanctions against counsel where he "had many months to investigate [Plaintiff's] claim . . . [t]his is not an extremely complex matter.  A party cannot assert trademark infringement . . . if it does not own the trademark.").  Here, too, the facts in this case are simple and not complex.  Broadcasts are publicly available information.  *See, e.g., White*, 908 F.2d at 675, n. 4.  As such, ITN's counsel could easily have conducted their own investigation. Moreover, the issue of whether Univision broadcast *Machete* is the central issue in this case, and as such, ITN's failure to investigate is even more egregious.  A party cannot assert a broadcast infringes its copyright if that broadcast – as a matter of fact – never took place.  *Garth O. Green* at *8.

### C.    ITN's Assertion That It Requires Discovery from Univision to Identify Whether Univision Publicly Broadcast *Machete* Lacks Merit

ITN suggests that it cannot identify facts to support the allegations in its *own* Complaint until it receives additional discovery from Univision.  *See* Exh. C, Response to Interrogatory Nos. 1-4 ("[R]esponsive information is likely contained in Defendants' documents as requested by Plaintiff.").  ITN is wrong on both the facts and the law.  First, as discussed above, ITN's allegation that Univision publicly broadcast *Machete* is not a fact which requires access to Univision's internal documents.  It is axiomatic that information about broadcasts *to the public* is, by definition, *publicly available.*

Second, it is well-settled that a party may not "'sue now, discover later.'" *U.S. Sprint Commc.'s*, 121 F.R.D. at 417 (sanctions appropriate when party sues without factual basis) (citing *Weil v. Markowitz*, 108 F.R.D. 113 (D.D.C. 1985)) (internal quotations omitted). And yet, that is precisely what ITN and its counsel did here. Indeed, the fact that ITN claims it cannot identify the factual basis of its allegations without discovery from Univision about the central allegation of its Complaint conclusively demonstrates that ITN's allegations lack any evidentiary support. *See, e.g.*, *White,* 908 F.2d at 675, n. 4 (affirming sanctions in slander case for failure to investigate readily accessible information about statements in question, noting "this is not, of course, a claim the details of which were uniquely and exclusively in the control of the defendant.").

Even if the allegations in question were the type that require access to discovery (which they are not), sanctions would still be warranted. Rule 11 allows a plaintiff to make allegations that it believes "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. R. 11(b)(3). However, Rule 11 explicitly requires these types of allegations be "specifically so identified," and Plaintiff's allegations here contained no such qualifiers. *Id.*; *see Mountain Crane Services* at *3 (awarding Rule 11 sanctions where plaintiff made factually inaccurate allegations that "misstate facts known to [plaintiff] at the time it filed its Amended Complaint. [Plaintiff] did not allege these facts "on information and belief" or make any other attempt to suggest they would likely find evidentiary support for these facts later.").

ITN's counsel was obviously aware of this pleading requirement because numerous other allegations in ITN's Complaints were properly pled "on information and belief." For example, the

Initial Complaint alleges that "Plaintiffs *are informed and believe, and thereon allege* that with respect to at least some of the wrongful conduct alleged herein, each defendant aided and abetted each other defendant in committing said wrongful conduct." Dkt. 2 at ¶ 18 (emphasis added). Likewise, the Second Amended Complaint alleges on information and belief that Univision's infringement will continue indefinitely unless enjoined. Dkt. 46 at ¶ 75. Critically, though, *none of the allegations regarding Univision's supposed public broadcasts of Machete is so identified*. Instead, each unequivocally alleges that Univision broadcast *Machete,* even though the facts unequivocally establish it never did.

### D.   ITN's Recent Supplemental Discovery Responses Further Illustrate Why Sanctions Are Warranted

As described above, ITN's supplemental discovery responses failed to identify any facts to support its allegation that Univision publicly broadcast *Machete*. Instead, ITN for the first time points to a seconds-long clip of *Machete* and interviews with some of its actors that were posted on a YouTube channel in 2010. *See* Exh. H, Response to Interrogatory Nos. 1-2. These responses establish that ITN does not—and never did—have any facts to support its allegation that Univision publicly broadcast the *Machete* movie. Moreover, these YouTube clips cannot be the basis for any liability *because they are time barred, having been posted in 2010*, more than three years before ITN filed its first Complaint on October 13, 2015. ITN has already conceded in its Opposition to Univision's motion to dismiss the First Amended Complaint that "any showing of *Machete* prior to October 12, 2012 is time barred." *See* Dkt. 32 at ¶ 35. This Court agreed, holding "ITN's recovery will be limited to acts of infringement that occurred within three years of when the lawsuit was first filed," which is 2012. *See* Dkt. 72 at 18.

16

Even if these clips were not time-barred (which they are), ITN has never asserted a theory of copyright infringement based on the 2010 YouTube clips.  They are thus irrelevant and non-actionable. For more than two years, and in multiple complaints and briefs, ITN has asserted that its copyright infringement claim was based on alleged similarities between two movies—*Vengeance* and *Machete.*  It has never asserted infringement based on a theory involving a seconds-long clip of the *Machete* movie or interviews with its actors.  Indeed, in denying Univision's Second motion to dismiss, the Court relied in large part on the fact that "the Second Amended Complaint includes over fifty alleged similarities between *Vengeance* – the copyright work – and *Machete* – the allegedly infringing work."  *See* Dkt. 72 at 4; *see also id.* at 17.  The Court was never asked to consider any similarities between *Vengeance* and a seconds-long clip of *Machete*.  Frankly, given the Court's stated rationale for denying Univision's motion to dismiss, if ITN had pled such a claim based on a seconds-long clip (as opposed to a full-length *movie*), its copyright infringement claim would not have withstood Univision's motion to dismiss.

Accordingly, these time-barred 2010 YouTube postings – which are completely irrelevant to ITN's copyright infringement claims – cannot save ITN or its counsel from Rule 11 sanctions. *See McNeal v. Zobrist*, 2006 WL 2692816 at *10 (awarding sanctions against plaintiff's counsel who was "made aware of evidence that flatly contradicted material averments in [her] Complaint" and instead attempted to shift course and add allegations that were "barred by the statute of limitations" because "such an attempt runs contrary to Rule 11's purpose of causing attorneys to "stop, look, and listen" *before* signing a document subject to Rule 11.") (emphasis in original).

## **CONCLUSION**

Despite having no factual support for its copyright claim against Univision, ITN and its counsel nevertheless *filed three separate Complaints in this case and two briefs*, all falsely claiming that Univision broadcast *Machete*.   For years now, Univision has been forced to expend resources to defend itself against baseless claims.   For the reasons stated above, Univision respectfully requests this Court grant its motion pursuant to Rule 11 and impose the following sanctions: (1) dismissal with prejudice of the claims against Univision; (2) award Univision its attorneys' fees to date and (3) any other relief the Court deems just.

**<u>REQUEST FOR HEARING</u>**

Pursuant to Local Rule of Practice 7-1(f), Univision hereby requests oral argument on the

Motion. Good cause exists for a hearing on the Motion for the reasons stated above.


VENABLE LLP


*/s/ Jessica L. Grant*

_____

Jessica L. Grant
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December 2017, a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** was electronically filed and served on all counsel of record through the EM/ECF system and served via overnight mail to the following:


Terry E. Welch (#5819)
Chad S. Pehrson (#12622)
Steven R. Glauser (#15607)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
cpehrson@parrbrown.com
sglauser@parrbrown.com

David W. Brown (#5671)
LAW OFFICE OF DAVID W. BROWN
2880 West 4700 South, Suite F
Salt Lake City, UT 84129
Telephone: (801) 964-6200
law.davidwbrown@gmail.com


*/s/ Jessica L. Grant*
_____
Jessica L. Grant