IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ITN FLIX, LLC, ,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVISION TELEVISION GROUP, INC.,<br>UNIVISION HOLDINGS, INC.,  UNIVISION<br>COMMUNICATIONS, INC., and EL REY<br>NETWORK, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br>DENYING DEFENDANTS' MOTION FOR<br>RULE 11 SANCTIONS<br><br>  Case No. 2:15-cv-00736-DN-DBP<br><br>  District Judge David Nuffer<br><br>  Magistrate Judge Dustin B. Pead |

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 3.)  The

case involves allegations of copyright violations related to the film *Machete*. (*See* ECF No. 46.)

Defendants filed a "Motion for Rule 11 Sanctions" seeking dismissal of all claims against

Univision Salt Lake City, LLC, Univision Communications Inc., and Univision Holdings, Inc.

(collectively "Univision Defendants"), as well as attorney fees expended defending this action.

(ECF No. 90). The Motion is fully briefed and ready for the court's decision. (*See* ECF Nos. 90,

96, 107). The court declines the parties' requests for oral argument, finding no good cause to

entertain a hearing.

## **STANDARD OF REVIEW**

By signing, filing, submitting, or advocating a written submission to the court, counsel

represents "the factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for further investigation or

discovery." Fed. R. Civ. P. 11(b)(3). This requires an attorney to conduct an objectively-

reasonable investigation of the facts before signing a document filed with the court. *See*

*Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). Reasonableness of counsel's conduct

necessarily depends upon the prevailing facts and circumstances of a given case. *See Garth O.*

*Green Enterprises, Inc. v. Harward*, No. 2:15-cv-556, 2017 WL 213787, at *7 (D. Utah Jan. 18,

2017) (discussing relevant factors mentioned in the advisory committee notes to Rule 11). The

court enjoys broad discretion in determining whether Rule 11 sanctions are appropriate.

*Adamson* at 673.

## PARTIES' ARGUMENTS

Defendants contend Rule 11 sanctions are warranted because the Univision Defendants

did not broadcast *Machete* at any time, but Plaintiff alleges they have done so every year since

2010. (ECF No. 90 at 8–9[1]). Defendants point out that Plaintiff has not identified any facts to

support its allegation that Univision Defendants broadcast *Machete*, despite discovery requests

seeking such information. (*Id.* at 10). Defendants contend Plaintiff's investigation of the

underlying facts was unreasonable under the six factors applied in *Garth O. Green Enterprises v.*

*Harward*, No. 2:15-cv-556, 2017 WL 213787, *7 (D. Utah Jan. 18. 2017). (*Id.* at 11–17).

Plaintiff's former counsel at Parr Brown Gee & Loveless ("Parr Brown") argues Rule 11

sanctions are not warranted simply because certain factual allegations are ultimately proven

untrue, so long as there was some evidentiary basis supporting Plaintiff's claims when they were

alleged. (ECF No. 96 at 4). Parr Brown contends it adequately investigated the allegations

against the Univision Defendants and found those allegations adequately supported by client

testimony and circumstantial evidence. (*Id.* at 5–15). Parr Brown also contends the motion is

procedurally improper insofar as it seeks dismissal with prejudice. (*Id.* at 15–17). Finally, Parr

Brown requests an award of its attorney fees incurred in defending the motion. (*Id.* at 17).

---

[1] The court's references to the parties' briefs use the numbering convention ascribed by the
parties rather than the court's automated electronic system.

## ANALYSIS

As an initial matter, the court notes Defendants' request for dismissal pursuant to Rule 11 is now moot because Judge Nuffer dismissed Plaintiff's claims. (ECF No. 127) The court turns now to the second portion of Defendants' request for sanctions: an award of attorney fees to Univision Defendants.

### a. The court denies Defendants' request for attorney-fee sanctions because Defendants have not established a violation of Rule 11

The court declines to award Univision Defendants their attorney fees because Defendants have not shown Plaintiff's claims lacked evidentiary support or that counsel failed to reasonably investigate Plaintiff's claims. "[T]he court should not ordinarily have to explain its denial of a motion for sanctions." Fed. R. Civ. P. 11, advisory committee note. Nonetheless, the court does so here because it believes an explanation may benefit future parties and counsel when they consider whether to file Rule 11 motions.

Univision Defendants take issue with the following allegations in the Second Amended Complaint:

> 35. Defendants actively promoted, displayed, broadcasted and distributed *Machete* to the public.
> 36. Defendants showed *Machete* publicly on their respective networks, all to the detriment of Plaintiff, thereby infringing on Plaintiff's copyrights.
> 37. *Machete*, as reproduced, performed, distributed and displayed to the public by Defendants, is strikingly and substantially similar to the copyrighted and protected elements of *Vengeance* as illustrated and alleged in the following paragraphs.
> …
> 66. Beginning in 2010 and each year thereafter, Defendants infringed upon said copyright by distributing, displaying and placing upon the public market *Machete*, which was largely copied from Plaintiff's copyrighted movie.
> …
> 70. Defendants supported, committed, promoted and participated in copyright violations by showing and airing *Machete* on their public airwaves.
> 71. Plaintiff suffered resulting damages from Defendants' perpetuation of these copyright infringements by the broadcasting of *Machete*.
> …

76. Since 2010, Defendants have been televising, broadcasting, advertising, and otherwise marketing *Machete*, and have thereby been engaging in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage.

Defendants have not demonstrated that Plaintiff's claims lacked an adequate evidentiary basis or that counsel failed to reasonably investigate the claims. Rule 11 requires a party to have evidentiary support for any claims, and requires counsel to conduct an objectively reasonable investigation of the facts, before signing a document filed with the court. *See* Fed. R. Civ. P. 11(b)(3); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). Here, Parr Brown sets forth several facts to demonstrate it conducted an adequate investigation and that the claims in the Second Amended Complaint had adequate evidentiary support.

As an initial matter, Defendants appear to take issue with a narrow subset of Plaintiff's allegations. Defendants concede they promoted or advertised *Machete* by placing trailers and cast interviews on YouTube in 2010. *See* (ECF No. 107 at 5–6). While Defendants argue these claims have statute-of-limitations issues, they raise no issue that presents a Rule 11 problem. Instead, Defendants appear most concerned with Plaintiff's allegations that Univision Defendants broadcast *Machete* in its entirety.

The court finds Plaintiff's allegations do not run afoul of Rule 11, primarily based on two pieces of evidence that support a claim that Univision Defendants broadcast *Machete*. One, it is undisputed that El Rey broadcast *Machete* and has contracted to again broadcast the movie in May 2018. (ECF No. 96 at xi). Two, "Univision[2] . . . promotes El Rey on Univision's websites and lists El Rey as one of its own networks." (ECF No. 96 at xiii, 10). These facts provide Plaintiff with the necessary information to file a claim that Defendants collectively broadcast *Machete*. Relying on these facts alone, an outsider could reasonably conclude that Univision

---

[2] Parr Brown defines Univision to include the Univision Defendants. (ECF No. 96 at vi).

Defendants broadcast *Machete* on the El Rey network, which Univision Defendants' websites

indicate is one of their own networks. Plaintiff's counsel could reasonably conclude from

Univision Defendants' own website that those entities were responsible for broadcasting

*Machete*. Plaintiff then needed discovery to learn the nature and extent of Univision Defendants'

relationship with El Rey.[3]

In addition to these facts, which appear undisputed, Parr Brown contends it learned

additional corroborating evidence. For example, Univision Defendants entered a partnership with

the creator of *Machete* that allowed Univision Defendants to invest in, control, manage, and

operate El Rey. (ECF No. 96 at 10). Discovery later revealed that Univision Defendants exert

significant influence over El Rey and have a direct financial interest in El Rey's business and

operations. (*Id.* at xii). Parr Brown also learned Univision Defendants advertised and promoted

*Machete* on their television and online channels. (*Id.*) These facts provided adequate support for

the allegations that Defendants collectively broadcast, promoted and advertised *Machete*.

1. *Defendants improperly rely on hindsight to justify sanctions*

Plaintiff's allegations are not transformed into sanctionable conduct even if *Machete* was

only broadcast on Defendant El Rey's network. "Hindsight may well reveal that additional

research or investigation would have avoided litigation, and yet the rule is not violated." *Foster*

*v. Michelin Tire Corp.*, 108 F.R.D. 412, 415 (C.D. Ill. 1985). Defendants seek sanctions because

they believe the allegation is factually incorrect. They assert Univision Defendants never aired

*Machete*. The allegation may be factually incorrect.[4] Nonetheless, a fact alleged in a pleading

---

[3] Defendants' reply focuses on Plaintiff's allegation that Defendants broadcast *Machete* on their "respective" networks. This word appears in a single paragraph of the Second Amended Complaint (number thirty-six). The court addresses this allegation below. *Infra* Part I.b.1.

[4] The court will assume for purposes of this motion that the only broadcast of *Machete* by defendants occurred on Defendant El Rey's network exclusively.

does not become Rule 11 violation simply because it is later disproved. The court's inquiry here is limited to whether there was an adequate factual basis and whether counsel conducted a reasonable investigation into the facts. Defendants have not persuaded the court that Plaintiff's or counsel's conduct merits sanctions here.

### b. Even assuming the court found that Plaintiff or its counsel violated Rule 11, the court would not award attorney fees to Univision Defendants

First, because "the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Fed. R. Civ. P. 11, advisory committee note. Also, while the court has the ability to award attorney fees to a moving party, such awards "should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation . . . ."

Defendants have not identified any attorney fees directly and unavoidably caused by any violation because they implicitly acknowledge Plaintiff could have amended its claims to allege vicarious or contributory infringement. Plaintiff's reply suggests Plaintiff has alleged only direct copyright infringement without any mention of vicarious liability or theories of contributory infringement. (ECF No. 107 at 9–10). Yet, even crediting Defendants' argument that a theory of vicarious liability must be set forth as a separate claim, Defendants' argument suggests merely that the Complaint is inartfully pled; it does not establish Plaintiff lacked a proper basis to allege Univision Defendants are liable for copyright violations. Defendants do not suggest Plaintiff filed claims against an unrelated innocent bystander with no connection to this matter. Instead, Defendants suggest Plaintiff filed claims against entities that played a more minor role than was described in Plaintiff's various complaints. Accordingly, Defendants fail to show that they have incurred fees as a direct an unavoidable result of a Rule 11 violation. Instead, Defendants appear

to suggest they were forced to defend an inartful pleading, perhaps one that needs to be amended. Rule 11 sanctions in the form of attorney fees are not warranted in these circumstances.

1. *Defendants identify, at most, only a minor violation*

Additionally, the court finds a fee award unwarranted in the present circumstances because it is disproportionate to the purported violation. At most, Defendants' briefing suggests Plaintiff should not have used the word "respective" in paragraph 36 of the Second Amended Complaint, and perhaps otherwise clarified that Univision Defendants did not individually broadcast *Machete*. "Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b)." *See Agjunction LLC v. Agrian Inc.*, No. 14-cv-2069, 2015 WL 416440, at *8 (D. Kan. Jan. 30, 2015) (quoting advisory committee note to Rule 11). Even assuming discovery revealed to Plaintiff that it had no basis to include the word "respective" in paragraph 36, such a violation is relatively minor in the scheme of this case. Plaintiff's counsel suggests Univision Defendants may still be found vicariously and contributorily liable for copyright infringement. (ECF No. 96 at 3). As discussed in the preceding paragraph, Defendants suggest Plaintiff needed to amend its claims, not dismiss them entirely.

**c. The court declines to award Parr Brown its attorney fees**

Parr Brown requests an award of its attorney fees expended in resisting Defendants motion under Rule 11(c)(2). While the court finds Plaintiff's apparently-unsupported allegation that Defendants broadcast *Machete* on their respective networks insufficient to support an award of attorney-fee sanctions under Rule 11; the court finds the allegations provided Defendants an adequate basis to bring the present motion. Defendants' motion is unsuccessful, but that lack of success does not justify an award of Parr Brown's attorney fees.

**d. The court declines to impose sanctions against David W. Brown**

While only Parr Brown timely submitted a response to Defendants motion, their response demonstrates there was an adequate factual basis for Plaintiff's claims. This showing likewise convinces the court that prior counsel David W. Brown had an adequate factual basis to sign the initial complaint. Indeed, Mr. Brown enjoyed even less benefit of discovery than did Parr Brown. Accordingly, the court finds sanctions against Mr. Brown unwarranted.[5]

Further, the court admonishes Defendants that their zealous attempts to convince the court to ignore Mr. Brown's tardy filings serve no useful purpose. In the future, Defendants' counsel is encouraged to accommodate a party or respondent who misses a response deadline, particularly when Defendants' counsel is asking the court to impose sanctions. While the court strongly prefers counsel make all filings timely, the court is likewise highly averse to imposing sanctions without hearing from the individual who may be sanctioned.

## ORDER

Based on the foregoing, the court hereby, **DENIES** Defendants' Motion for Rule 11 Sanctions (ECF No. 90).

Further, the court **FINDS MOOT** Defendants' Motion to file Sur-Reply. (ECF No. 120).

IT IS SO ORDERED.

Dated this 31st day of May 2018.

Dustin B. Pead
United States Magistrate Judge

---

[5] The court finds it need not reach the merits of Univision Defendants' motion to file surreply (ECF No. 120) because Mr. Brown's reply is not material to the court's decision to decline to award sanctions. Accordingly that motion is moot.